## UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————————x
                           :

| | | |
|---|---|---|
| JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD.; DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LIMITED (DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LTD.); HANGZHOU DINGSHENG IMPORT & EXPORT CO., LTD. (HANGZHOU DINGSHENG IMPORT AND EXPORT CO., LTD.); HANGZHOU FIVE STAR ALUMINIUM CO., LTD.; HANGZHOU TEEMFUL ALUMINIUM CO., LTD.; INNER MONGOLIA LIANSHENG NEW ENERGY MATERIAL CO., LTD.; and INNER MONGOLIA XINXING NEW ENERGY MATERIAL CO., LTD., | : | **COMPLAINT** |
| | : | Court No. 23-00264 |
| Plaintiffs, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

————————————————————————x

## <u>COMPLAINT</u>

Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.), Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.), Hangzhou Five Star Aluminium Co., Ltd., Hangzhou Teemful Aluminium Co., Ltd., Inner Mongolia Liansheng New Energy Material Co., Ltd., and Inner Mongolia Xinxing New Energy Material Co., Ltd. (collectively, "Dingsheng"), by and through undersigned counsel hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.      Dingsheng seeks review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), decision in the fourth administrative review ("AR4") of the antidumping duty ("ADD") order on Certain Aluminum Foil from the People's Republic of China ("China") covering the period April 1, 2021, to March 31, 2022, published as *Certain Aluminum Foil from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021-2022*, 88 Fed. Reg. 76,734 (Nov. 7, 2023) ("*Final Results*").

2.      The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Nov. 1, 2023) accompanying the *Final Results*.

## JURISDICTION

3.      This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.      Dingsheng is a producer/exporter of Certain Aluminum Foil that was selected as a mandatory respondent in AR4. Dingsheng participated in the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*. Therefore, Dingsheng is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5.      Parties to actions challenging Department determinations pursuant to 19 U.S.C.

§ 1516a(a)(2)(B)(iii) regarding administrative reviews, must file the summons within 30 days of

the date of publication in the Federal Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i).

The Department published the *Final Results* on November 7, 2023.

6.      This action was timely commenced within 30 days of the date of publication of the *Final

Results*, by the filing of a Summons on December 7, 2023. This Complaint is timely filed within

30 days of the filing of the Summons. Therefore, both the Summons and the Complaint have

been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and

pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7.      The Department issued the ADD order on Certain Aluminum Foil from China on April

19, 2018. *Certain Aluminum Foil from the People's Republic of China: Amended Final

Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 83 Fed. Reg.

17,362 (April 19, 2018).

8.      On June 9, 2022, the Department initiated AR4 with respect to several companies,

including Dingsheng. *Initiation of Antidumping and Countervailing Duty Administrative

Reviews*, 87 Fed. Reg. 35,165, 35,170 (June 9, 2022).

9.      In AR4, the Department individually examined the sales of Dingsheng, which

participated by providing the Department with responses to questionnaires, various factual

information, and argument concerning the review. By its determination published on May 5,

2023, the Department preliminarily assigned Dingsheng an ADD rate of 32.85%. *Certain

Aluminum Foil from the People's Republic of China: Preliminary Results of Antidumping Duty*

*Administrative Review, Partial Rescission of Antidumping Duty Administrative Review, and Preliminary Determination of No Shipments: 2021-2022*, 88 Fed. Reg. 29,092, 29,094 (May 5, 2023) ("*Preliminary Results*").

10.     In the *Preliminary Results*, the Department selected Romania as the primary surrogate market economy country for China, from which the surrogate values ("SV") of Dingsheng's factors of production ("FOP") were obtained to calculate normal value. *Preliminary Results*, 88 Fed. 29,092, accompanying Decision Memorandum (May 1, 2023), at 10-15.

11.     Dingsheng throughout AR4 placed SV information on the record for the Department's use in valuing FOPs and calculating surrogate financial ratios. On June 5, 2023, Dingsheng filed an administrative case brief requesting that the Department in its final results, *inter alia*: select Malaysia or Bulgaria as the primary surrogate country instead of Romania; use SV data to value truck freight and brokerage and handling from Malaysia or Bulgaria instead of Romania; calculate surrogate financial ratios using data from Malaysia or Bulgaria instead of Romania; and grant Dingsheng a double remedies adjustment.

12.     On November 7, 2023, the Department published its *Final Results*, rejecting certain arguments advanced by Dingsheng. As a result of the changes to the *Preliminary Results*, the Department in its *Final Results* assigned Dingsheng an ADD rate of 32.81%. *Final Results*, 88 Fed. Reg. at 76,735.

## STATEMENT OF CLAIMS

### COUNT ONE

13.     Paragraphs 1 to 12 are adopted, incorporated and re-alleged here by reference.

14.     The Department's selection of Romania instead of Malaysia or Bulgaria as the primary

surrogate country was not supported by substantial evidence and was otherwise not in

accordance with law.

## COUNT TWO

15.     Paragraphs 1 to 12, and 14 are adopted, incorporated and re-alleged here by reference.

16.     The Department's decision to value Dingsheng's truck freight using Romanian SV data

instead of Malaysian or Bulgarian SV data was not supported by substantial evidence and was

otherwise not in accordance with law.

## COUNT THREE

17.     Paragraphs 1 to 12, 14, and 16 are adopted, incorporated and re-alleged here by reference.

18.     The Department's decision to value Dingsheng's brokerage and handling using

Romanian SV data instead of Malaysian or Bulgarian SV data was not supported by substantial

evidence and was otherwise not in accordance with law.

## COUNT FOUR

19.     Paragraphs 1 to 12, 14, 16, and 18 are adopted, incorporated and re-alleged here by

reference.

20.     The Department's decision to calculate Dingsheng's financial ratios using Romanian

financial statements instead of Malaysian or Bulgarian financial statements was not supported by

substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

21.     Paragraphs 1 to 12, 14, 16, 18, and 20 are adopted, incorporated and re-alleged here by

reference.

22.    The Department's failure to grant Dingsheng a double remedies adjustment was not supported by substantial evidence and was otherwise not in accordance with law.

## **PRAYER FOR RELIEF**

WHEREFORE, Dingsheng requests that this Court:

(a)    hold that the Department's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b)    remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c)    provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak*
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*599 Lexington Ave., 36th Floor
New York, NY 10022
(212) 557-4000

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Jiangsu Dingsheng
New Materials Joint-Stock Co., Ltd.,
Dingsheng Aluminium Industries (Hong
Kong) Trading Co., Limited (Dingsheng
Aluminium Industries (Hong Kong) Trading
Co., Ltd.), Hangzhou Dingsheng Import &
Export Co., Ltd. (Hangzhou Dingsheng
Import and Export Co., Ltd.), Hangzhou
Five Star Aluminium Co., Ltd.; Hangzhou
Teemful Aluminium Co., Ltd., Inner*

*Mongolia Liansheng New Energy Material Co., Ltd., and Inner Mongolia Xinxing New Energy Material Co., Ltd.*

Dated:  January 8, 2023

# CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on January 8, 2023, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of Shanghai Shenyan Packaging Materials Co., Ltd. and Xiamen Xiashun Aluminum Foil Co., Ltd.**
Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1090 Vermont Avenue, NW Suite 410
Washington, DC 20005

**On Behalf of Shanghai Huafon Aluminum Corporation**
Jing Zhang, Esq.
**Mayer Brown LLP**
1999 K Street, NW
Washington, DC 20006-1101

**On Behalf of Jiangsu Zhongji Lamination Materials Co., Ltd., Jiangsu Huafeng Aluminum Industry Co., Ltd., Jiangsu Zhongji Lamination Materials Co., (HK) Ltd. and Anhui Maximum Aluminum Industries Company Limited**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW Suite 810
Washington, DC 20015

**On Behalf of Aluminum Association of Trade Enforcement Working Group and its individual members JW Aluminum Company, Novelis Corporation, Reynolds Consumer Products, LLC**
John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108

**On Behalf of ProAmpac Holdings Inc., Ampac Holdings, LLC, and Specialty Packaging, Inc., MAHLE Behr USA Inc., MAHLE Behr Dayton L.L.C., and MAHLE Behr Charleston Inc.**
Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

**<u>On Behalf of Granges Aluminum</u>**
**<u>(Shanghai) Co., Ltd.</u>**
Chunlian Yang
**Alston & Bird, LLP**
950 F Street, NW
Washington, DC 20004-1404

<u>/s/ Ned H. Marshak</u>
Ned H. Marshak